UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARCUS WERNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BELL FAMILY MEDICAL CENTER, | ) | 3:09 C 0701 |
| INC., MIDDLE TN MEDICAL | ) | Judge Marvin E. Aspen |
| ASSOCIATES, PLLC, NII SABAN | ) | |
| QUAO, M.D., P.C., ARIKANA | ) | |
| CHIHOMBORI, M.D., NII SABAN | ) | |
| QUAO, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, United States District Judge:

In this case, Plaintiff alleges that he was misclassified as an independent contractor when he worked as an employee of Defendants, who wilfully failed to pay him proper overtime wages under the Fair Labor Standards Act ("FLSA"). He also alleges that Defendants retaliated against him, wrongfully terminated him, and defamed him in violation of various state and federal laws. Presently before us are seven motions in limine filed by the parties in preparation for the upcoming May 8, 2012 trial.

Before proceeding to analyze the parties' motions, however, we address a threshold issue pending for trial. According to the pretrial order, the parties dispute who shall decide several critical issues, including: (a) whether Plaintiff was an employee or an independent contractor; (b) whether Defendants were a single enterprise under the FLSA; and (c) whether Defendants operated jointly. (PTO (Dkt. No. 135) at 3–4.) Plaintiff insists that the Court should decide

these issues because they are questions of law, while Defendants contend that these are factual questions for the jury.

Defendants have the better argument here in light of the factual disputes. As Judge Haynes indicated in his order denying Plaintiff's motion for partial summary judgment last year, "where there is a genuine issue of fact or conflicting inferences can be drawn from the undisputed facts . . . the question is to be resolved by the finder of fact in accordance with the appropriate rules of law." *Werner v. Bell Family Med. Ctr.*, No. 09 C 0701, 2011 WL 1042255, at *6 (M.D. Tenn. Mar. 18, 2011) (internal quotation omitted); *Lilley v. BTM Corp.*, 958 F.2d 746, 750 n.1 (6th Cir. 1992) (noting that the "determination of employment status is a mixed question of law and fact"); *see Sanford v. Main Street Baptist Church Manor*, 449 Fed. Appx. 488, 491, No. 10 C 5323, 2011 WL 6016247, at *2 (6th Cir. Dec. 5, 2011); *LeMaster v. Alternative Healthcare Solutions, Inc.*, 726 F. Supp. 2d 854, 860 (M.D. Tenn. 2010). Judge Haynes found that factual disputes precluded summary judgment, and thus, these questions must go to the finder of fact. Given that both parties requested a jury trial, only the jury can resolve these issues.

We recognize that this ruling has ramifications for the parties' trial strategy, as well as their proposed jury instructions and verdict forms. Accordingly, the parties shall have until **Friday, May 4, 2012** to submit revised proposed joint jury instructions and a joint verdict form consistent with this order.

## STANDARD OF REVIEW

We turn then to the motions in limine. "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital*

*Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. Unites States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 (1984)). "The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures—including motions *in limine*—in order to narrow the issues remaining for trial and to minimize disruptions at trial." *U.S. v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see U.S. v. Huff*, No. 10 CR 73, 2011 WL 4916195, at *1 (E.D. Tenn. Oct. 27, 2011). Because a ruling on a motion in limine is "subject to change as the case unfolds," this ruling constitutes a preliminary determination in preparation for trial. *See Luce*, 469 U.S. at 41, 105 S. Ct. at 163); *U.S. v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A district court's rulings on in limine motions will be reversed only where the court abuses its discretion, that is, "when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it employs an erroneous legal standard." *U.S. v. Gunter*, 551 F.3d 472, 483 (6th Cir. 2009); *U.S. v. Cline*, 362 F.3d 343, 348–49 (6th Cir. 2004).

## ANALYSIS

A.  **PLAINTIFF'S MOTIONS**

Plaintiff submitted three motions in limine, asking that we preclude evidence of: (1) complaints about his job performance or the circumstances of his departure from other places of employment; (2) other litigation in which he has been involved; and (3) collateral source evidence of unemployment compensation benefits he received or the amount thereof. (Pl.'s MIL Nos. 1–3 (Dkt. Nos. 129–31).) Defendants do not oppose these motions, which we hereby

-3-

grant.[1]

B.   DEFENDANTS' MOTIONS

   1.   IRS Determinations

In their first motion, Defendants ask us to preclude Plaintiff from introducing at trial any opinions, rulings or determinations by the Internal Revenue Service ("IRS") that Plaintiff was an employee of the Defendant corporate entities. (Defs.' MIL No. 1 (Dkt. No. 125) at 1–2.) Plaintiff had sought guidance from the IRS as to whether he was responsible for taxes on income he earned while working for Defendants from 2005 through 2009. (Compl. Ex. 4 (Dkt. No. 111-4), 12/22/10 IRS Letters.) As indicated in its letters to Plaintiff and certain Defendants, the IRS concluded that Plaintiff was an employee—not an independent contractor—for federal tax purposes. (*Id.*) Defendants seek to exclude this determination on the grounds that the IRS' reasoning and findings are irrelevant and introduction of this evidence would be so prejudicial and confusing as to outweigh its little probative value. (Defs.' MIL No. 1 at 2.)

Plaintiff counters that the IRS' determination is relevant because, though different statutes are involved, that determination was based on the IRS' understanding of common law. As Defendants point out, the Sixth Circuit employs the multi-factor economic realities test to decide whether a worker is an employee or an independent contractor for FLSA purposes. (Defs.' MIL No. 1 at 2.) *Solis v. Laurelbrook Sanitarium & Sch., Inc.*, 642 F.3d 518, 522–23 (6th Cir. 2011); *LeMaster v. Alternative Healthcare Solutions, Inc.*, 726 F. Supp. 2d 854, 860–61

---

[1] In their response, Defendants indicated that they may seek to cross-examine Plaintiff about his involvement in a personal property dispute he divulged in his second motion, if Defendants determine that it is relevant to their defenses. We will cross that bridge if and when we come to it.

(M.D. Tenn. 2010); *see Werner*, 2011 WL 1042255, at *6–7 (Judge Haynes' ruling on Plaintiff's motion for partial summary judgment). The IRS' analysis does not mirror the economic realities test, though the evidence demonstrates at least some overlap. *Compare* Compl. Ex. 4, 12/22/10 IRS Letters *with Werner*, 2011 WL 1042255, at *6–7; *LeMaster*, 726 F. Supp. 2d at 860–61. In addition, the IRS' analysis and conclusions are not binding on us or the jury. As a result, we agree with Defendants that the marginal relevance of the IRS' determination is outweighed by its potential to mislead the jury. Plaintiff may not offer this evidence for the purpose of proving he was an employee within the meaning of the FLSA.

To recover certain damages, however, Plaintiff must show not only that he was misclassified and underpaid, but that Defendants' conduct was willful and not in good faith. *See Herman v. Paol Group Foster Home, Inc.*, 183 F.3d 468, 473–74 (6th Cir. 1999); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 966–68 (6th Cir. 1991); *see also Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840–41 (6th Cir. 2002); *Greene v. Westwood Prop. Mgmt., LLC*, No. 07 C 0955, 2009 WL 1362271, at *14–16 (M.D. Tenn. May 12, 2009). We agree with Plaintiff that the IRS' determination theoretically could be probative of Defendants' willfulness, good faith, and knowledge or notice of the alleged FLSA violations, as well as Plaintiff's damages.[2] At this juncture, we deny the motion to exclude it for this narrow purpose.

2.  **Wage and Hour Opinion**

In their next motion, Defendants ask us to exclude evidence of the investigation undertaken and report generated by Kimberly Gahey, an investigator with the U.S. Department of

---

[2] The parties should submit an appropriate limiting instruction on the use of this evidence for this specific purpose with their revised proposed jury instructions.

Labor's Wage and Hour Division. (Defs.' MIL No. 2 (Dkt. No. 126) at 1–3.) Ms. Gahey investigated Defendant Nii Saban Quao, M.D., P.C. as a result of complaints from employees, including Werner, regarding overtime pay. (*See* Defs.' MIL No. 2 Ex., 5/26/09 Gahey Report at 1–2.) As part of her investigation, Ms. Gahey interviewed Defendant Dr. Quao and then prepared a summary of that discussion in a report, along with other information and conclusions. Indeed, Ms. Gahey apparently concluded that Plaintiff had been misclassified as an employee. (*Id.* at 3–4.) Defendants ask that we disallow any reference to this report or testimony by Gahey at trial. (Defs.' MIL No. 2 at 3.) We grant this motion in part, and deny it in part.

We agree with Defendants that Ms. Gahey's report and her conclusions—about Plaintiff's status or otherwise—are not admissible. Ms. Gahey's determinations are not entitled to deference here because, as Defendants argue: (1) she is not the Administrator of the Wage and Hour Division; and (2) her report provides no reasoning for her conclusions. *Fazekas v. Cleveland Clinic Found. Health Care Ventures, Inc.*, 204 F.3d 673, 677 (6th Cir. 2000); *see Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 5 S. Ct. 161, 164 (1944) (holding that the weight of the Administrator's opinion under the FLSA "in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control"). Judge Haynes noted as much in his summary judgment opinion last year, *Werner*, 2011 WL 1042255, at *8 n.2, and Plaintiff does not contest this point, (Resp. at 3).

Although reference to Ms. Gahey's conclusions are not permitted, her testimony may be relevant as to other issues and will be allowed to that extent. For example, Plaintiff contends that Dr. Quao gave Ms. Gahey information about the relationship between the Defendant entities,

-6-

Case 3:09-cv-00701   Document 152   Filed 05/01/12   Page 6 of 9 PageID #: 1645

their revenue, ownership, and employees. (Resp. at 3.) Dr. Quao's statements, as the admissions of a party-opponent, would not constitute hearsay and may be used by Plaintiff. Fed. R. Evid. 801(d)(2). Ms. Gahey may also provide information (beyond her conclusions) relevant for the evaluation of Defendants' good faith and willfulness.

### 3. Bifurcation of the Punitive Damages Issue

Defendants next seek bifurcation of the trial to allow a separate phase for determination of the amount of punitive damages, such that they need not introduce evidence of their financial affairs, condition and net worth during the liability phase. (Defs.' MIL No. 3 (Dkt. No. 127) at 1.) Defendants contend that such evidence would be irrelevant and unfairly prejudicial, confuse the jury, and waste time. (*Id.*) In support, Defendants cite to *Hodges v. S.C. Toof & Company*, a Tennessee Supreme Court opinion, which instructed that in any trial "where punitive damages are sought, the court, upon motion of defendant, shall bifurcate the trial." 833 S.W.2d 896, 901 (Tenn. 1992) (altering state law governing punitive damages in the context of a retaliatory discharge claim).

Plaintiff objects to bifurcation, arguing that Defendants have failed to meet their burden under Federal Rule of Civil Procedure 42(b). This rule grants us the discretion to separate any issue for trial for "convenience, to avoid prejudice, or to expedite or economize" the proceedings. Fed. R. Civ. P. 42(b); *see Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007); *Saxion v. Titan-C-Mfg, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). While Defendants do not cite to Rule 42, we conclude that their request satisfies this standard. Plaintiff, on the other hand, oversimplifies both Defendants' position and the significance of *Hodges* to the present case.

Although the question of bifurcation is a matter of federal law . . . the substantive law of

the punitive damages at issue in this case is a matter of state law." *Rotello v. Clayton Homes of Del., Inc.*, No. 03 C 573, 2006 WL 842931, at *1 (E.D. Tenn. Mar. 28, 2006) (citing *Cappello v. Duncan Aircraft Sales of Fla., Inc.*, 79 F.3d 1465, 1474 (6th Cir. 1996)); *see also Bowman v. Bulkmatic Transp. Co.,* No. 08 C 37, 2010 WL 276100, at *1 (E.D. Tenn. Jan. 15, 2010); *Harris v. Ford Motor Co.*, 04 C 0144, 2006 WL 5164774, at *2–3 (M.D. Tenn. July 11, 2006). Here, Plaintiff seeks punitive damages in his state law retaliatory discharge and defamation claims. Yet under *Hodges*, Defendants should not have to submit evidence of their financial circumstances until after the jury has decided issues of liability, compensatory damages, and whether or not punitive damages will be assessed at all. *Hodges*, 833 S.W.2d at 901 (holding that such evidence is inadmissible during the trial on liability); *see also Rhea v. Brown Mfg Corp.*, No. 08 C 35, 2010 WL 2572052, at *3 (E.D. Tenn. June 18, 2010); *Harris*, 2006 WL 5164774, at *2–3; *Rotello*, 2006 WL 842931, at *1. Pursuant to Tennessee law, only if the jury finds Defendants liable for punitive damages can we proceed to a second phase to consider Defendants' financial affairs, the nature and reprehensibility of their conduct, the duration thereof, and other factors identified by the court in *Hodges*. 833 S.W.2d at 901 (setting out nine factors and clarifying that "punitive damages are to be awarded only in the most egregious of cases" upon a showing of "defendant's intentional, fraudulent, malicious, or reckless conduct").

      We therefore will bifurcate the trial. If the jury finds that punitive damages are appropriate, the parties will be permitted to present additional evidence bearing on what such award should be, and the jury will then determine the amount of such damages. To avoid delaying the resolution of this case, the parties should be prepared to proceed with the punitive damages phase, if necessary, immediately following the jury verdict. *Hodges*, 833 S.W.2d at 901

(explaining that the amount of punitive damages "shall then be determined in an immediate, separate proceeding"); *Bowman*, 2010 WL 276100, at *1.

###    4.    Evidence of Previous Civil Lawsuits

Defendants also ask that we generally disallow evidence that they, either individually or collectively, have been named as defendants in prior or other pending lawsuits. (Defs.' MIL No. 4 (Dkt. No. 128) at 1.) Plaintiff rightly objects to this motion on the grounds that it is vague. Defendants have not identified what litigation concerns them or why evidence thereof would be irrelevant or unfairly prejudicial under Rule 402 and 403. Without additional information about the evidence at issue, we are unable to issue a meaningful ruling. We will address any objections to specific evidence or testimony at trial. The parties are advised that we will not permit at trial any evidence or testimony that fails to comport fully with the Rules of Evidence.

### CONCLUSION

For the reasons set forth above, Plaintiff's motions in limine are granted. We grant Defendants' first and second motions in part and deny them in part. We also grant Defendants' third motion and bifurcate the trial into two phases pursuant to applicable state law. Defendants' fourth motion is denied. In addition, as stated earlier, the parties shall file revised proposed joint jury instructions and a joint verdict form consistent with this order no later than Friday, May 4, 2012. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated:    May 1, 2012