UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARCUS WERNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BELL FAMILY MEDICAL CENTER, | ) | 3:09 C 0701 |
| INC., MIDDLE TN MEDICAL | ) | Judge Marvin E. Aspen |
| ASSOCIATES, PLLC, NII SABAN | ) | |
| QUAO, M.D., P.C., ARIKANA | ) | |
| CHIHOMBORI, M.D., NII SABAN | ) | |
| QUAO, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, United States District Judge:

Front pay is a permissible remedy for Plaintiff's federal and state retaliation claims, in lieu of the preferred remedy of reinstatement. *See* 29 U.S.C. § 216(b); *Sasser v. Averitt Express, Inc.*, 839 S.W.2d 422, 432–33 (Tenn. Ct. App. 1992). Front pay compensates for the loss of future earnings and is considered a special remedy to be used in particularly egregious circumstances. *See Sasser*, 839 S.W.2d at 433. The parties here agree that reinstatement is not a feasible remedy. "The fact that reinstatement is inappropriate, however, does not mean that an award of front pay is required." *Arban v. West Pub. Corp.*, 345 F.3d 390, 406 (6th Cir. 2003); *Wells v. New Cherokee Corp.*, 58 F.3d 233, 238 (6th Cir. 1995). Front pay "is not intended to be punitive . . . or to provide an employee with a windfall." *Sasser*, 839 S.W.2d at 433.

"No per se rule governs the appropriateness of front pay damages in a particular case. . . . Ultimately, the question to be answered is whether front pay damages are needed in a particular

case to make the plaintiff whole." *Arban*, 345 F.3d at 406 (quoting *Wilson v. Int'l Bhd.. of Teamsters*, 83 F.3d 747, 756–57 (6th Cir.1996)). In evaluating this question, the court considers: "an employee's duty to mitigate, the availability of employment opportunities, the period within which one by reasonable efforts may be reemployed, the employee's work and life expectancy, the discount tables to determine the present value of future damages and other factors that are pertinent on prospective damage awards." *Shore v. Federal Express Corp.*, 777 F.3d 1155, 1160 (6th Cir. 1985) (internal quotation omitted); *Rousch v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 399 (6th Cir. 1994); *see also Sasser*, 839 S.W.2d at 433 (identifying similar factors used by Tennessee courts).

Here, after considering the evidence presented at trial, we conclude that front pay is not warranted in this case. The evidence before us, including the parties' stipulations as to damages, does not support a front pay award. Plaintiff, a relatively young man, has not established his life and working expectancy. He has not offered discount tables to assess the present value of damages or other parameters for his front pay demand. In addition, he has been able to mitigate his damages in large part, due to his own diligent efforts and the apparently reasonable job opportunities for a person in his profession in this area. While he testified that he has had problems keeping a steady job since his termination, allegedly due to Defendants' conduct, he earned $70,804 in 2011 and his annual wages reflect an upward trajectory. While the allegations against Defendants are certainly serious, we cannot say that their alleged conduct is so egregious as to warrant this special remedy. All in all, we conclude that front pay would not be necessary here to make the Plaintiff whole if he prevails, and could result in a substantial windfall to him.

## CONCLUSION

For the reasons set forth above, we decline to exercise our discretion and allow a front pay award in this case. It is so ordered.

                                                                          _____
                                                                          Marvin E. Aspen
                                                                          United States District Judge

Dated:      May 16, 2012